| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.: CV-19-439 |
| LISA LENNAN,       )<br>                          )<br>Plaintiff,              )<br>                          )<br>                          )<br>v.                       )<br>                          )<br>                          )<br>HEALTHCARE SERVICE GROUP, INC)<br>                          )<br>Defendant.          ) | PLAINTIFF'S COMPLAINT<br>FOR WHISTLEBLOWER<br>RETALIATION |

NOW COMES Plaintiff, Lisa Lennan ("Lennan" or "Plaintiff"), by and through his attorney, the Law Office of Guy D. Loranger, and alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff Lennan ("Lennan") is a resident of Limington, Maine.

2. Defendant HealthCare Service Group, Inc ("Defendant" or "Healthcare Service") at relevant times, Defendant provided food service at the Springbrook Center in Westbrook, Maine.

3. All the acts of which Plaintiff complains took place in Cumberland County, State of Maine.

4. Plaintiff requests a jury trial.

### FACTUAL ALLEGATIONS

5. Lennan began employment with Defendant in April 2017.

1

REC'D CUMB CLERKS OFC
NOV 5 '19 PM 1:35

6. Defendant contracted with Genesis Healthcare ("Genesis") to provide food service at Genesis' elderly care facilities.

7. Lennan served as Defendant's account executive at Genesis Healthcare's Springbrook Center in Westbrook, Maine.

8. On or about January 18, 2019 Lennan issued a document and counseling to an employee 1 due to employee serving the incorrect food to the elderly patients in violation of their care plans.

9. The failure of the employee to follow the care plan created a condition which posed a risk to the health and safety of the elderly patients.

10. On or about January 29, 2019 Lennan had her staff review dietary requirements and sign an acknowledgment agreeing to uphold the policy and procedures of the kitchen, safety and sanitation. Lennan also noted that she would be making daily rounds to ensure compliance.

11. On or about January 31, 2019 Lennan learned of Employee 1 having made a complaint against her arising out of the incident on January 18th, 2019. Lennan, therefore, prepared a written response to the subject complaint and submitted it to her District Manager.

12. On or about February 1st, 2019 Lennan issued a written warning to Employee 1 for again violating acceptable practices regarding the storage of food for the elderly residents.

13. The failure of the employee to follow the care plan created a condition which posed a risk to the health and safety of the elderly patients.

14. On or about February 5th, 2019 an employee of Genesis who worked at Springbrook as a CNA, sent an email complaining of the Employee 1 consistently making mistakes handling the elderly resident's food, and describing Employee 1 as "disrespectful, angry behavior not acceptable in the workplace, especially healthcare- and she cannot execute her job duties!".

15. On or about February 8, 2019 Lennan forwarded the above email to her District Manager.

16. Lennan's report to her management qualified as protected activity under Sections A, B and E of the Maine Whistleblowers Protection Act ("WPA")

17. On or about February 11, 2019 Lennan issued a written warning to Employee 1 for having a temper tantrum after being instructed regarding the condition of the refrigerators used to store the food for the elderly residents.
18. Genesis controlled the number of allowable hours Lennan had to staff the kitchen at Springbrook. Lennan asked the Genesis Executive Director at Springbrook to increase the number of hours to staff the kitchen. The request was refused.
19. On or about February 19, 2019 the Genesis Executive Director at Springbrook requested that Lennan be removed for allegedly not running the kitchen in alignment with Genesis' mission and vision.
20. On or about February 22, 2019 Lennan issued a written warning to Employee 1 for again violating company policies regarding the storage of the food for the elderly residents.
21. On or about March 3, 2019 Lennan met with her District Manager and the Genesis Executive Director at Springbrook. The two falsely accused Lennan of yelling and swearing at employees in the kitchen to the extent that it could be heard in the front office of the building. As a result, Lennan was suspended upon investigation of the incident. Lennan adamantly denies any such behavior.
22. On or about March 5th, 2019 Defendant terminated Lennan, claiming that it had received employee concerns regarding her ability to function as service manager.
23. Lennan believes the performance allegation is pretext created to terminate her for engaging in protected activity under the WPA.
24. Lennan has complied with all administrative requirements and has received a right to sue letter from the MHRC.

## COUNT I: RETALIATION IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT FOR ENGAGING IN PROTECTED ACTIVITY UNDER THE MAINE WHISTLEBLOWER PROTECTION ACT

25. Plaintiff incorporate by reference the allegations in the above paragraphs.
26. The Maine Human Rights Act prohibits discharging an employee because of previous actions that are protected under the Whistleblower Protection Act.

3

27. Lennan as described above engaged in protected activity defined by the WPA.

28. Lennan terminated Lenna in retaliation for her engaging in protected activity.

29. A causal link exists between the protected activity and the termination

30. Lenna has suffered the damages set forth below.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of the Plaintiff and (2) award damages sufficiently large to compensate for damages she has suffered as a result of Defendant's conduct including, but not limited to, damages for general and non-economic damages, economic damages, pre-judgment and post-judgment interest, lost wages, punitive damages, injunctive relief, costs of this suit, including reasonable attorney fees and costs, and such further relief the Court may deem proper.

Dated: October 31, 2019

_____
Guy D. Loranger, Esq., Bar No. 9294
Attorneys for Plaintiff

Law Office of Guy D. Loranger
1 Granny Smith Court, Suite 3
Old Orchard Beach, ME  04064
(207)937-3257
guy@lorangerlaw.com